11-41-cv
Wilson v. New York City

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of October, two thousand twelve.

PRESENT:
> GERARD E. LYNCH,
> RAYMOND J. LOHIER, JR.,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

Theresa Wilson,

> *Plaintiff-Appellant*,

> v.                                                                    11-41-cv

New York City, New York City Police Department, Edward Edwards, Paul Lichtbaum, John Trotta,

> *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:     THERESA WILSON, *pro se*, Peekskill, N.Y.

FOR DEFENDANTS-APPELLEES:     JANE L. GORDON, Senior Counsel (Edward F.X. Hart, Jamie M. Zinaman, *of counsel*) *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, N.Y.

Appeal from the judgment of the United States District Court for the Eastern District of New York (Block, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff-Appellant Theresa Wilson, *pro se*, appeals from an award of summary judgment in favor of the Defendants-Appellees in her employment discrimination action brought pursuant to 42 U.S.C. §§ 1981 and 1983, and the New York State Human Rights Law, N.Y. Exec. L. § 296. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review orders granting summary judgment *de novo* and decide whether the district court properly concluded that there was no genuine dispute as to any material fact, and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). "In determining whether there are genuine issues of material fact, we are required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

We have conducted a *de novo* review of the record in light of the above standards and now affirm for substantially the same reasons set forth by the district court in its

December 9, 2010 decision and order. To the extent Wilson raises arguments on appeal concerning incidents that were not referenced by the district court in its order, these incidents also do not give rise to an inference of discrimination.

First, Wilson argues that Captain Edward Edwards' discriminatory intent may be inferred from the fact that he punished Wilson for omitting control log entries while, on the same date, ignoring a white male officer's more serious infraction of placing a male prisoner and a female prisoner together in the same cell. In opposition to the summary judgment motion, Wilson presented no evidence that Edwards was aware of the white male officer's placement of the male and female prisoners in the same cell, or even that it was his responsibility to discipline such a violation. Accordingly, there is no "objectively identifiable basis for comparability" between the discipline Edwards imposed on Wilson and the discipline he allegedly failed to impose on the white male officer. *Graham v. Long Island R.R.*, 230 F.3d 34, 40 (2d Cir. 2000) (internal quotation omitted).

Second, Wilson argues that Lieutenant John Trotta singled her out because she is black, as demonstrated by his issuance of a "command discipline" to her, but not to other officers present in his office after he instructed them on the use of the New York City Police Department's telephone answering policy. However, Wilson admits that she was disciplined for throwing out the written telephone policy Trotta had just handed to her, which Trotta found discourteous. Wilson introduced no evidence that the other officers present at the meeting, who were not black, behaved similarly. Again, there is no objective basis upon which to compare Wilson's discipline to that of the other officers. *See id*.

3

Finally, Wilson argues that Edwards' reference to her wearing her hair in dreadlocks constitutes evidence of discriminatory intent. Wilson was not disciplined for having dreadlocks, however. Although she was disciplined five months later because her hair touched her collar - a patrol guide violation - the record indicates that Edwards also disciplined white and male officers for the same infraction.

We have considered all of Wilson's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4